STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
GONZALO QUEZADA (Bar No. 338386)
  GQuezada@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

OMAR ESTRADA and MARTIN ESTRADA on behalf of a class of similarly situated individuals and/or the State of California,

Plaintiffs,

vs.

MB COATINGS, INC., a California Corporation, MIKE BARTLE, an Individual, AMANDA BARTLE, an Individual and DOES 1 through 20,

Defendants.

Case No.

**CLASS ACTION AND FLSA COMPLAINT FOR:**

1. Federal Fair Labor Standards Act Overtime Violation (29 U.S.C. §§ 207 and 255(a))
2. Failure to Pay Contractual California Wages;
3. Failure to Pay California Minimum Wage (Labor Code §1197 et al.);
4. Failure to Pay California Overtime (Labor Code §510);
5. Failure to Reimburse (Labor Code § 2802)
6. California Meal Period Violations (Labor Code §§ 510, 226.7);
7. Rest Period Violations, (Labor Code § 226.7);
8. California Wage Statement and Record Keeping Violations (Labor Code §§ 226, 1174 et al);
9. Failure to Pay All California Wages Owed Upon Termination (Labor Code § 203);
10. Violation of UCL (Bus. & Prof. Code §§ 17200 et seq.);

**DEMAND FOR JURY TRIAL**

1.     Plaintiffs MARTIN ESTRADA and OMAR ESTRADA, (hereinafter "PLAINTIFFS") bring this action against MB COATINGS, INC., MIKE BARTLE, AMANDA BARTLE, and DOES 1 through 20 (collectively "DEFENDANTS") individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this Complaint are based on the knowledge of PLAINTIFFS, except those allegations made on information and belief, which are based on the investigation of their counsel. The allegations in this complaint are made based upon PLAINTIFFS' personal knowledge, and on information and belief based on a reasonable investigation under the circumstances.

## I.   **NATURE OF THE ACTION**

2.     This is wage and hour class action to vindicate the rights afforded employees by federal and California labor laws.  This action is brought on behalf of Plaintiffs in three capacities: (a) individually; (b) as FRCP Rule 23 representative of a class or various subclasses of non-exempt employees employed by, or formerly employed by, Defendants; and (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)).

3.     This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including Plaintiffs and the Class, in conformance with federal and California laws. Defendants have employed Plaintiffs and the Class directly or as agents of one another, and/or are liable under California Labor Code § 558.1.

4.     The core violations Plaintiffs allege against Defendants are: (1) failure to pay all overtime wages owed; (2) failure to pay travel time; (3) failure to pay all minimum wages owed; (3) failure to provide timely meal periods, and/or provide appropriate compensation in lieu thereof; and (4) failure to provide timely, complete, rest periods, and/or provide appropriate compensation in lieu thereof.

5.     Defendants have refused to pay the wages due and owed to Plaintiffs and Class members. As a result of these violations, Defendants have violated the Fair Labor Standards Act 29 U.S.C. § 216 and 216(b), as well as provisions of California labor laws, which in turn has resulted in additional violations entitling Plaintiffs and the Class to prompt payment of wages and penalties.

COMPLAINT– DEMAND FOR JURY TRIAL                    *Case No.:*

Defendants committed the violations at issue and benefitted financially and/or professionally from these violations.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

7. This action, and the causes of action hereunder, including state law claims, are subject to original jurisdiction in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the proposed class is a citizen of a state different than Defendants.

8. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

9. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the Defendants and Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## III. PARTIES

### *Plaintiff*

11. PLAINTIFFS are individuals residing in California who were directly employed by DEFENDANT as non-exempt employees in and around the District, including Riverside and San Bernardino County. PLAINTIFFS worked for DEFENDANT during the class period. PLAINTIFFS were employed by DEFENDANT within all times relevant and were denied proper compensation for all hours worked, and proper rest and meal periods.

12. PLAINTIFF MARTIN ESTRADA ("MARTIN") is an individual residing in Riverside County. During the relevant time period, MARTIN was employed directly or jointly by

DEFENDANTS as a non-exempt employee. Plaintiff MARTIN performed construction related services for DEFENDANTS within the counties covered by the Central District. During the relevant time period, Plaintiff MARTIN worked for DEFENDANTS in and around the District including Riverside and San Bernardino County performing work in the construction industry during various times during the Class Period through approximately July 2020 to on or about May 2021. PLAINTIFF MARTIN has suffered injury in fact and loss of property caused by DEFENDANTS' conduct described in this Complaint.

13.    PLAINTIFF OMAR ESTRADA ("OMAR") is an individual and a resident of Riverside County. During the class period, OMAR was employed directly or jointly by DEFENDANTS as a non-exempt employee. Plaintiff OMAR performed construction related services for DEFENDANTS within the counties covered by the Central District. During the relevant time period, Plaintiff OMAR worked for DEFENDANTS in and around the District, including Riverside and San Bernardino County performing work in the construction industry at various times during the Class Period through approximately October 2019 to on or about May 2021. PLAINTIFF OMAR has suffered injury in fact and loss of property because of DEFENDANTS' conduct described in this Complaint.

14.    On information and belief, PLAINTIFFS, purported Class members, and other current and former employees of DEFENDANTS were regularly subjected to, or had personal knowledge of, the violations described in this Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel. Each member of the purported class and other current or former employees of DEFENDANTS are therefore witnesses to the allegations of this Complaint.

***Defendants***

15.    The following allegations as to DEFENDANTS are made on information and belief and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

16.    At all times relevant, MB COATINGS, INC. is a California Corporation who conducts business in and around the District including Riverside and San Bernardino County. On

- 4 -

information and belief, MBC employs more than 300 employees and provides employees in the construction industry, and DOES 1 through 20. At the core of MBC's violations are: systematic failure to keep accurate time and payroll records; requiring, suffering or permitting employees to perform unpaid work "off-the-clock"; failure to pay premium /overtime wages; refusing to provide proper rest and meal periods or to provide premium wages in lieu thereof; failing to reimburse mileage, and failing to provide accurate wage statements; and failing pay of all wages owed upon separation from employment.

17.     MIKE BARTLE ("BARTLE") was, on information and belief, the President of MBC during the relevant time period, and was in charge of making major corporate decisions and managing the operations of the corporation during the relevant time period. As such, he was on notice, whether actual or constructive, of all the violations described above, and failed to prevent or address them. On information and belief, BARTLE is an owner, director, officer, or managing agent of DEFENDANT MBC who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies.

18.     AMANDA BARTLE ("BARTLE") was, on information and belief, the Vice President of MBC during the relevant time period, and was in charge of making major corporate decisions and managing the operations of the corporation during the relevant time period. As such, she was on notice, whether actual or constructive, of all the violations described above and failed to prevent or address them. On information and belief, BARTLE is an owner, director, officer, or managing agent of DEFENDANT MBC who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies.

19.     PLAINTIFFS are ignorant of the true names or capacities of the DEFENDANTS sued herein under the fictitious names Does 1 through 20. PLAINTIFFS will amend this complaint to allege the true names or capacities of these Doe DEFENDANTS once they have been ascertained and verified.

20.     The acts and failures to act alleged herein were duly performed by and attributable to all DEFENDANTS, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and/or integrated enterprise, as the direction and control of the others, except as

specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each defendant participated in, approved of and/or ratified the unlawful acts and omissions by the other DEFENDANT complained of herein.

21.     DEFENDANT MIKE BARTLE and AMANDA BARTLE are liable under California Labor Code § 558.1 as a natural person who is an owner, director, officer, or managing agent of DEFENDANT MBC who caused violations under California Labor Code § 558(a).

22.     On information and belief, PLAINTIFFS further assert that the damages herein alleged were actually and proximately caused by each DEFENDANT'S conduct.

23.     This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 and a Collective action pursuant to FSLA, 29 U.S.C. §216(b), to vindicate the rights afforded the class by the FLSA, California Labor Code, and California Business and Professions Code §§ 17200 et seq. This action is brought on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt employees employed, or formerly employed, by each of the Defendants within the State of California. This action seeks recovery for wages, compensation, and other relief due and owing to Plaintiffs and the Plaintiff Class members under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

24.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the agricultural packing industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices. The DEFENDANTS named herein engaged in the unlawful practices and policies alleged in this complaint, which are widespread and entrenched in the industry.  The practices of the industry are common or nearly uniform among many of the major companies within the construction and related industries.  The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that PLAINTIFFS seeks to represent on a class basis.

25.     For significantly longer than four years prior to the filing of this action and through to the present, DEFENDANTS have maintained and enforced unlawful labor policies against employees. The claims of this lawsuit spring from a pattern of employer misconduct and systematic failure to keep accurate time and payroll records; requiring, suffering or permitting employees to

perform unpaid work "off-the-clock"; failure to pay premium/overtime wages; refusing to provide proper rest and meal periods or to provide premium wages in lieu thereof; requiring employees to purchase equipment necessary for work without reimbursement; failing to provide accurate wage statements; and failing pay all wages owed upon separation from employment.

26.     DEFENDANTS failed to compensate for all hours worked, specifically work "off-the-clock," (within the meaning of the applicable Wage Orders) and failed to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, and uncompensated or undercompensated time spent on statutory meal and rest periods, and before and after work.

27.     DEFENDANTS required PLAINTIFFS and other current or former employees or members of the Class, to arrive early to undergo a COVID-19 screening before clocking in at the worksite. Employees would spend anywhere from one (1) to one and a half hours (1½) waiting in long lines given the vast number of employees waiting to enter the worksite. DEFENDANTS failed to properly compensate employees for the off the clock time spent arriving early to line up and undergo a COVID-19 screening before clocking in at the worksite for the day.

28.     On information and belief DEFENDANT MBC acted pursuant to and in furtherance of a policy and practice of instructing PLAINTIFFS and other current or former employees or members of the Class, to drive to alternative worksites in their personal vehicle that were outside their normal commute which required an unreasonably extended travel time as a condition of employment with DEFENDANT and not paying any travel time compensation for the extended travel time nor reimburse for milage in violation of Industrial Welfare Commission Order 16-2001, California Code of Regulations, Title 8, Chapter 5 11070, and California Labor Code 515 and 2802.

29.     DEFENDANT MBC acted pursuant to and in furtherance of a policy and practice of instructing PLAINTIFF OMAR and other current or former employees or members of the Class, to stop at DEFENDANT MBC's shop to load materials and tools in their personal vehicles before and

after leaving worksites which effectively did not allow employees with purely personal pursuits on their commute to the worksite. On several occasions, PLAINTIFF OMAR and other similarly situated employees, traveled to DEFENDANT MBC shop before traveling to the worksite to clock in for the day and load: insulation, tack for acoustic panels, ladders, fabric rolls weighing 300-400 pounds requiring three (3) to four (4) employees to load, table saw that was approximately eight (8) feet wide and weighing about 750 pounds. After loading the material and tools, PLAINTIFF OMAR and other similarly situated employees traveled to the worksite and would unload the materials and tools at the worksite prior to clocking in at the required time. At the end of some workdays, PLAINTIFF OMAR and other current or former employees or members of the Class, were then instructed to clock out, load the materials and tools, transport them back to the shop, and unload the material and tools again. Each time, employees spent one (1) hour to one hour and half hours (1½) each way to load and unload the materials and tools. On information and belief, PLAINTIFF OMAR and other similarly situated employees experienced two (2) to three (3) hours of unpaid off the clock time that resulted when they were required to load and unload materials and tools at MBC'S shop before arriving and after leaving the worksite for the day.

30.     On information and belief, DEFENDANT MBC acted pursuant to and in furtherance of a policy and practice of instructing PLAINTIFF OMAR and other similarly situated employees to travel to construction supplies warehouses to purchase materials during the workday and failed to reimburse PLAINTIFF OMAR and other similarly situated employees for the mileage incurred in their personal vehicles.

31.     On information and belief, PLAINTIFFS and other current or former employees or members of the Class, on several occasions reported to DEFENDANT MBC shop to be assigned to a worksite but DEFENDANT MBC would not put to work PLAINTIFFS and DEFENDANT MBC did not pay PLAINTIFFS and other similar situated employees for half the usual or scheduled day's work even though they were required to report.

32.     Under the meal period policies, DEFENDANTS would not allow PLAINTIFFS and other current or former employees or members of the Class, to take net thirty (30) minute meal periods. On information and belief, PLAINTIFFS and other current or former employees and

members of the Class they seek to represent were required to line up and wait for an elevator so they could go down to the ground level at the start of the meal period as employees were not allowed to consume food on the worksite. Waiting in line to exit the worksite generally took ten (10) to fifteen (15) minutes given the vast number of employees waiting to exit the worksite. This cut into the scheduled thirty (30) minute meal period rendering it unlawfully short. DEFENDANTS also did not provide PLAINTIFFS and other current or former employees or members of the Class they seek to represent, with a second meal period for shifts greater than ten (10) hours. DEFENDANTS failed to compensate employees in lieu of their incomplete or late meal breaks as prescribed by law.

33.     Under the rest period policies, DEFENDANTS would not allow PLAINTIFFS and other current or former employees or members of the Class to take two (2) rest periods when working eight (8) hour shifts as required by law. DEFENDANT instructed employees to meet company expectations before going on their rest breaks and on information and belief, employees were only instructed to take one (1) rest break towards the end of the shift even though employees worked eight (8) or more hours in a workday. DEFENDANT MBC failed to compensate employees in lieu of their rest break as prescribed by law.

34.     Under the record-keeping policies, DEFENDANT MBC willfully provided inaccurate itemized wage statements that did not reflect all hours worked and wages earned. DEFENDANT MBC also failed to maintain accurate time-keeping records. For example, the time employees spent lining up before clocking into work to receive a COVID-19 screening, the unreasonably extended time spent traveling to worksites outside of their normal commute, the time spent lining up to exit the worksite during their meal period, and the time spent loading and unloading materials and tools from the shop before arriving and leaving the worksite were not compensated.

35.     DEFENDANTS were on notice of the improprieties alleged herein by their employees, and intentionally refused to rectify their unlawful policies. By their conduct, DEFENDANTS make clear that they were and/or are intentionally and maliciously subverting California minimum and overtime wage requirements. DEFENDANTS failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest

COMPLAINT– DEMAND FOR JURY TRIAL                    Case No.:

periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

36.    PLAINTIFFS, on behalf of themselves and all other non-exempt employees employed by, or formerly employed by DEFENDANTS, bring this action pursuant to California Labor Code §§ 201, 202, 203, 210, 214, 216, 218.5, 218.6, 221, 226, 226.3, 226.7, 256, 512, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, 2802, and Business & Professions Code §§ 17200 *et seq.* seeking unpaid, underpaid and premium wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, interest, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by DEFENDANTS as a result of their failure to comply with the above laws.

37.    PLAINTIFFS, on behalf of themselves and all FLSA Collective Members, pursuant to FLSA, 29 U.S.C. §§ 201, *et seq.*, seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

38.    PLAINTIFFS allege that all DEFENDANTS (including some Does) are the employer with respect to any Plaintiffs or similarly situated employees.

39.    On information and belief, DEFENDANTS were on notice of the improprieties alleged herein by their employees, PLAINTIFFS and similarly situated employees, and intentionally refused to rectify their unlawful policies.

40.    DEFENDANTS failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

41.    DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due to DEFENDANTS' on-exempt employees, including PLAINTIFFS, during all relevant times herein, because they have not implemented an adequate record-keeping method to

record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

42.     DEFENDANTS have failed to comply with California Labor Code § 226(a) by failing to accurately report total hours worked by PLAINTIFFS and other current and former employees.  PLAINTIFFS and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to California Labor Code § 226(e).

## IV. CLASS ACTION ALLEGATIONS

43.     PLAINTIFFS bring this action on behalf of themselves, and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following Class, composed of, and defined, as follows:

> All non-exempt workers employed by DEFENDANTS in the State of California at any time between four years prior to the filing of the original complaint in this action and the final disposition of this action.

44.     PLAINTIFFS may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

45.     PLAINTIFFS also seek to represent the following opt-in FLSA Collective:

> All non-exempt persons who are or have been employed by DEFENDANTS in the State of California within three (3) years of the filing of this Complaint through the date of final disposition of this action.

### A. Numerosity

46.     The potential members of the Class as defined are so numerous that joinder of all of them is impracticable. While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believes that the Class is comprised of more than 100 individuals.

47.     On information and belief, PLAINTIFFS allege that Defendant MBC's employment

COMPLAINT– DEMAND FOR JURY TRIAL                    Case No.:

records will provide information as to the number and location of all Class Members.

**B. Commonality**

48.     There are questions of law and fact that are common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether DEFENDANTS failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C § 201, et seq.;

b. Whether DEFENDANTS violated the rights of Class Members to receive proper California overtime wages for all hours worked;

c. Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy and Wage Orders by enforcing a policy or practice of not maintaining accurate records of overtime pay;

d. Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy and Wage Orders by enforcing a policy or practice of not paying non-exempt employees for travel time outside their normal commute and travel time reimbursement for travel outside their normal commute;

e. Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy and Wage Orders by enforcing a policy or practice of denying compensation for all hours worked at agreed-upon rates;

f. Whether DEFENDANTS violated the minimum wage by enforcing a policy or practice of denying compensation for all hours worked;

g. Whether DEFENDANTS violated California Labor Code section 226, the applicable IWC Wage Order, and/or public policy by maintaining a policy or practice of failing to state accurately the total hours worked, the overtime hours, the applicable rates of pay, and the gross pay and net pay in employee wage statements;

h. Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to maintain accurate time records;

i.  Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to provide statutorily required rest periods or provide premium wages in lieu thereof;

j.  Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to provide statutorily required meal periods or provide premium wages in lieu thereof;

k.  Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by failing to pay all wages owed at termination;

l.  Whether DEFENDANTS violated the California Labor Code, the applicable IWC Wage Order, and/or public policy by enforcing a policy or practice of refusing to indemnify non-exempt employees for necessary business expenses;

m. Whether DEFENDANTS violated § 17200 et seq. of the California Business and Professions Code by unlawfully deducting wages, or failing to pay wages to non-exempt employees and converting same to DEFENDANTS' own use; unlawfully requiring non-exempt employees to work at wage rates below the minimum and premium overtime wage and converting same to DEFENDANTS' own use; failing to provide proper meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to DEFENDANTS' own use; failing to provide paid proper rest periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to DEFENDANTS' own use; failing to pay wages and compensation for denied rest periods due and owing at the time a Class Member's employment with DEFENDANTS terminated, and failing to keep accurate records causing injury to employees;

n.  Whether PLAINTIFFS and the Class Member are entitled to declaratory, injunctive, and other equitable relief pursuant to Business and Professions Code § 17200, *et seq.*

o.  Whether PLAINTIFFS and other Class Members are entitled to damages,

restitution, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, and Business and Professions Code §§ 17200, et seq.

49.     There are no individualized factual or legal issues for the court to resolve other than the application of a formula to calculate each Class Members' damages.

### C. **Typicality**

50.     The claims of the named PLAINTIFFS are typical of the claims of the Class. PLAINTIFFS and all members of the Class sustained injuries and damages arise out of, and were caused by, DEFENDANTS' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

### D. **Adequacy of Representation**

51.     PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents PLAINTIFFS are competent and experienced in litigating large employment class actions.

### E. **Superiority of Class Action**

52.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of and denying Class Members rest and meal periods without legal compensation.

53.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It is unlikely that individual class members have any interest in individually controlling separate actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were

COMPLAINT– DEMAND FOR JURY TRIAL                    *Case No.:*

1  this class action not certified.

2       54.    PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the

3  management of this action that would preclude its maintenance as a class action.  The benefits of

4  maintaining this action on a class basis far outweigh any administrative burden in managing the class

5  action.  Conducting the case as a class action would be far less burdensome than prosecuting

6  numerous individual actions.

7  **V.  <u>CLAIMS FOR RELIEF</u>**

8

9  

     **<u>FIRST CAUSE OF ACTION</u>**

10  FEDERAL FAIR LABOR STANDARDS ACT OVERTIME VIOLATION
(29 U.S.C. §§ 207 and 255(a))

11  *Failure to Pay Overtime Wages*
(PLAINTIFFS AGAINST ALL DEFENDANTS)

12       55.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

13       56.    At all relevant times herein, PLAINTIFFS' employment was subject to the provisions

14  of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

15       57.    DEFENDANTS engaged in commerce or in the production of goods for commerce

16  as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

17       58.    DEFENDANTS routinely required and/or suffered or permitted Plaintiffs and

18  similarly situated workers to work more than 40 hours per week, and routinely without paying them

19  all overtime premium wages owed for hours worked in excess of 40 hours per week.

20       59.    On information and belief, DEFENDANTS' BARTLE exercised significant control

21  over the operations of MB COATINGS, INC. On information and belief, DEFENDANTS'

22  BARTLE had the authority to hire and fire employees, and had authority over the finances of the

23  company, such as to render them personally liable for violations of the FLSA.

24       60.    In failing to pay PLAINTIFFS and similarly situated workers, overtime wages at one-

25  and-one-half times their regular rate of pay for all hours worked more than 40 hours per week,

26  DEFENDANTS willfully violated the FLSA.

27       61.    As a direct and proximate result of DEFENDANTS' failure to pay proper wages

28

- 15 -

COMPLAINT– DEMAND FOR JURY TRIAL                 *Case No.:*

under the FLSA, PLAINTIFFS and similarly situated workers incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

62.   DEFENDANTS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFFS and similarly situated workers their proper wages, and thus DEFENDANTS are liable to PLAINTIFFS and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA. PLAINTIFFS, including Opt-In Consenters and similarly situated workers, were required to retain legal assistance to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, DEFENDANTS are liable for all aforementioned violations.

63.   PLAINTIFFS will concurrently file their signed Consent to Sue forms with this complaint pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs asserting FLSA claims in the future.

64.   Wherefore, PLAINTIFFS and the Class request relief as described herein and below.

### SECOND CAUSE OF ACTION
FAILURE TO PAY FOR ALL HOURS WORKED AT CONTRACTUAL OR
CALIFORNIA STATUTORY RATES
(Cal. Lab. Code §§ 204, 218.5, 223, 1194 & Wage Orders)
PLAINTIFFS AGAINST ALL DEFENDANTS

65.   PLAINTIFFS incorporate all preceding paragraphs as if fully set forth herein.

66.   California Labor Code section 223 requires an employer to pay an employee the wage designated by statute or contract, and California law requires payment of all wages due for "all hours worked."

67.   Pursuant to California Labor Code section 223, it is unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. These terms were contained in the appropriate wage order, wage statements, and/or other employment documents.

68.   PLAINTIFFS' and, on information and belief, members of the class he seeks to

COMPLAINT– DEMAND FOR JURY TRIAL                              Case No.:

represent are entitled to wages at rates designated by contract and statute that exceed the California minimum wage.

69.     DEFENDANTS have breached their agreement and refused to compensate PLAINTIFFS' and, on information and belief, members of the class he seeks to represent at the required wage rates, in violation of the California Labor Code and Wage Orders, including section 223 of the Labor Code.

70.     By failing to pay wages at the required rate on at least a weekly basis, DEFENDANTS have also violated California Labor Code section 204 by failing to pay all earned wages in a timely manner.

71.     PLAINTIFFS bring this cause of action under California Labor Code section 218.5, authorizing a private right of action for the nonpayment of wages.

72.     DEFENDANTS should be capable of paying wages at the required rates for all "hours worked," but have willfully refused to pay such wages with the intent to secure a discount of their debt to PLAINTIFFS and the class, as well as to annoy, harass, oppress, hinder, delay or defraud PLAINTIFFS and the Class.

73.     DEFENDANTS have secretly paid PLAINTIFFS and the Class a lower wage while purporting to pay the wage designated by statute, in violation of California Labor Code § 223. DEFENDANTS are therefore guilty of a misdemeanor, pursuant to California Labor Code § 225, and are liable for penalties pursuant to California Labor Code § 225.5.

74.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid wages, liquated damages in an amount equal to the wages unlawfully unpaid, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).


### THIRD CAUSE OF ACTION

FAILURE TO PAY CALIFORNIA MINIMUM WAGE
(Cal. Lab. Code §§ 1194, 1194.2, 1197 & Wage Orders)
PLAINTIFFS AGAINST ALL DEFENDANTS

75.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

76.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

77.     The applicable minimum wages for employers with 26 employees or more fixed by the commission for work is $11.00 effective January 1, 2018, $12.00 effective January 1, 2019, $13.00 effective January 1, 2020, $14.00 effective January 1, 2021, and $15.00 effective January 1, 2022.

78.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

79.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Orders of the California Industrial Welfare Commission.

80.     California Labor Code§ 1194.2 also provides for the following remedies:

> In any action under Section 1194 ... to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

81.     DEFENDANTS failed to pay PLAINTIFFS and the Class for all "hours worked" at the minimum or written agreed upon wage rate. DEFENDANT maintained a pay policy whereby PLAINTIFFS and the Class were required or knowingly permitted to perform numerous work activities that were uncompensated. PLAINTIFFS and the Class were subject to the control of DEFENDANT MBC during time that was uncompensated. For example, DEFENDANT MBC required PLAINTIFFS and other similarly situated non-exempt employees to work "off the clock" by requiring them: to arrive early and wait in long lines to receive a COVID-19 screening before clocking in at the start of the workday, waiting in long lines during meal periods to utilize the

elevators and exit the worksite for lunch, loading and unloading tools and materials at the worksite and at DEFENDANT'S MBC shop, which resulted in unpaid off the clock time.

82. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, DEFENDANTS BARTLE are liable for the violations herein alleged.

83. WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §§ 218.5 and 1194(a).

**FOURTH CAUSE OF ACTION**

FAILURE TO PAY CALIFORNIA OVERTIME PREMIUM WAGES
(Cal. Lab. Code §§ 200, et seq., 510, 1194 & Wage Order(s))
PLAINTIFFS AGAINST ALL DEFENDANTS

84. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

85. California Labor Code § 510(a) establishes the eight (8) hour workday and 40-hour workweek and provides that working hours in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1.5) the regular rate of pay ("overtime rate"). The wage orders, which are authorized under California Labor Code § 1185 and apply in this case, further provide that working hours in excess of 12 hours in a workday or eight hours on the seventh consecutive workday is to be compensated at the rate of twice the regular rate of pay ("double-time rate").

86. DEFENDANTS violated California Labor Code § 510 and the applicable wage orders (or caused the violations) by subjecting employees to employer control, or knowingly suffering or permitting them to work, in excess of the statutory overtime thresholds, without paying

1   the applicable premium rate.

2       87.     PLAINTIFFS may enforce these provisions pursuant to California Labor Code §

3   1194(a) and Business and Professions Code §§ 17200 et seq.

4       88.     California Labor Code§ 1194(a) states:

5
6           Notwithstanding any agreement to work for a lesser wage, any
            employee receiving less than the legal minimum wage or the legal
            overtime compensation applicable to the employee is entitled to
7           recover in a civil action the unpaid balance of the full amount of
            this minimum wage or overtime compensation, including interest
8           thereon, reasonable attorney's fees and costs of suit.

9       89.     IWC wage Order 16 also establishes that: (a) work for the first eight (8) hours

10  worked on the seventh (7th) consecutive day of work in a workweek is to be compensated at one

11  and one-half (1½) the employees' regular rate of pay and (b) for all hours worked in excess of eight

12  (8) hours on the seventh (7th) consecutive day of work in a workweek is to be compensated at

13  double the employees' regular rate of pay.

14      90.     On information and belief, PLAINTIFFS and other similarly situated employees were

15  required to work six (6) or seven (7) days a week and worked more than 40 hours per week without

16  overtime premium wages for all hours worked over 40 in a week work. PLAINTIFFS and other

17  similarly situated employees were also required to work on the seventh consecutive day and were

18  not paid at one and one-half (1 ½) the employees' regular rate of pay for the first eight (8) hours of

19  work or at double the employees' regular rate of pay for all hours worked more than eight (8) hours

20  on the seventh (7th) consecutive day of work in a workweek.

21      91.     DEFENDANTS refused to pay for all hours worked and failed to compensate at the

22  agreed upon and statutory rates, rendering the overtime computations of DEFENDANT unlawful.

23      92.     PLAINTIFFS and, on information and belief, other current or former employees are

24  entitled to wages at the applicable premium rate because of DEFENDANTS' practice of not

25  compensating them at the required premium rate, as well as for failing to compensate them for all

26  "hours worked."

27      93.     PLAINTIFFS and, on information and belief, other current or former employees are

28

COMPLAINT– DEMAND FOR JURY TRIAL                    Case No.:

owed wages for the violations above. DEFENDANTS failed to pay said wages when due, as required by California Labor Code § 204, and have not been paid them to date. The violation of California's premium wage laws is substantial and occurred regularly, and the failure of DEFENDANTS to maintain accurate time records will shift the burden of proof.

94.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, DEFENDANTS BARTLE are liable for the violations herein alleged.

95. PLAINTIFFS are entitled to payment of wages owed under California Labor Code §§ 510, 1197, 1194(a) and the applicable wage orders.

96. WHEREFORE, PLAINTIFFS requests relief against DEFENDANTS as described herein and below, including unpaid wages, interest, attorney's fees and cost of suit.

## **FIFTH CAUSE OF ACTION**
### FAILURE TO REIMBURSE
(Cal. Lab. Code § 2802)
PLAINTIFF OMAR AGAINST ALL DEFENDANTS

97.     PLAINTIFF OMAR incorporate all preceding paragraphs as though fully set forth herein.

98.     Pursuant to California Labor 2802 miles spent driving in a personal vehicle doing business related tasks are reimbursable.

99.     On information and belief DEFENDANT MBC acted pursuant to and in furtherance of a policy and practice of instructing PLAINTIFF OMAR and other similarly situated employees, to drive to alternative worksites in their personal vehicle that were outside their normal commute which required an unreasonably extended travel time as a condition of employment with DEFENDANT MBC and not paying any travel time compensation for the extended travel time nor

COMPLAINT– DEMAND FOR JURY TRIAL                    *Case No.:*

reimburse for milage in violation of Industrial Welfare Commission Order 16-2001, California Code of Regulations, Title 8, Chapter 5 11070, and California Labor Code 2802.

100.    On information and belief, DEFENDANT MBC acted pursuant to and in furtherance of a policy and practice of instructing PLAINTIFF OMAR and other similarly situated employees to stop at DEFENDANT MBC'S shop and load materials and tools in their personal vehicles before and after leaving worksites which effectively did not allow employees with purely personal pursuits on their commute to the worksite. On several occasions, PLAINTIFF OMAR and other similarly situated employees, were required to travel to DEFENDANT MBC'S shop before traveling to the worksite to clock in for the day and load: insulation, tack for acoustic panels, ladders, fabric rolls weighing 300-400 pounds requiring 3 to 4 employees to load, table saw that was approximately eight (8) feet wide and weighing about 750 pounds. After loading the material and tools, PLAINTIFF OMAR and other similarly situated employees traveled to the worksite, drove around the worksite to locate parking, and unload the materials and tools at the worksite to clock in at the required time. At the end of the day, PLAINTIFF OMAR and other similarly situated employees were then instructed to clock out, load the materials and tools, transport them back to the shop, and unload the material and tools again. Each time, employees spent one (1) hour to one hour and half (1½) each way to load and unload the materials and tools. On information and belief, PLAINTIFFS and other similarly situated employees on several occasions experienced two (2) to three (3) hours of unpaid off the clock time that resulted when they were required to load and unload materials and tools at MBC'S shop before arriving and after leaving the worksite for the day.

101.    Pursuant to California Labor Code 2082 all necessary expenses incurred due to DEFENDANTS' required travel time must be reimbursed to the employee.

102.    As a proximate result of these violations, PLAINTIFF OMAR have been damaged in an amount according to proof at time of trial, but in an amount more than the jurisdiction of this Court

103.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of

1   the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§

2   203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

3   Therefore, DEFENDANTS BARTLE are liable for the violations herein alleged.

4         104.    WHEREFORE, PLAINTIFFS requests relief against DEFENDANTS as described

5   herein and below, including, unpaid wages, interest, penalties, attorney's fees, expenses, and costs

6   of suit.

7

8   **SIXTH CAUSE OF ACTION**

9   CALIFORNIA MEAL PERIOD VIOLATIONS
    (Cal. Lab. Code §§ 226.7, 512)

10   PLAINTIFFS AGAINST ALL DEFENDANTS

11         105.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

12         106.    PLAINTIFFS alleges that DEFENDANTS failed to provide meal periods.

13         107.    California Labor Code §226.7 states:

14
15       (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

16
17       (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

18
19

20         108.    The applicable IWC Wage Orders contain similar language.

21         109.    DEFENDANTS would not allow PLAINTIFFS and other current or former

22   employees or members of the Class, to take all their net 30-minute meal periods. On information

23   and belief, PLAINTIFFS and other current or former employees and members of the Class they seek

24   to represent would line up and wait for an elevator at the start of the meal period so they could go

25   down to the ground level as employees were not allowed to consume food on the worksite. Waiting

26   in line to exit the worksite generally took 10-15 minutes given the vast number of employees waiting

27   to exit the worksite. This cut into the scheduled 30-minute meal period rendering it unlawfully short.

28   DEFENDANTS failed to compensate employees in lieu of their incomplete meal breaks as

prescribed by law.

110.     On information and belief, DEFENDANTS also did not provide PLAINTIFFS and other current or former employees or members of the Class they seek to represent with a second meal period for shifts greater than 10 hours. DEFENDANT MBC failed to compensate employees in lieu of their missed meal breaks as prescribed by law.

111.     Meal periods were not voluntarily waived. Any express or implied waivers obtained from PLAINTIFFS and, on information and belief, current and former employees and members of the Class they seek to represent, were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.

112.     DEFENDANTS failed to pay additional wages for meal periods that were not provided. PLAINTIFFS and the Class they seek to represent are entitled to premium meal period wages pursuant to California Labor Code § 226.7.

113.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

114.     WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to recover the full amount of their unpaid meal period wages and all related penalties and remedies.


## SEVENTH CAUSE OF ACTION

CALIFORNIA REST PERIOD VIOLATIONS
(Cal. Lab. Code § 226.7)
PLAINTIFFS AGAINST ALL DEFENDANTS

115.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

116.     PLAINTIFFS alleges that DEFENDANTS failed to provide proper rest periods.

117.     DEFENDANTS failed to authorize and permit rest periods by failing to provide the requisite number of breaks per shift and to allow net 10 minutes of rest, in violation of the applicable

1    Wage Orders and California Labor Code § 226.7.

2         118.    DEFENDANTS instructed employees to meet company expectations before going

3    on their rest breaks and employees were allowed to take one (1) rest break towards the end of the

4    shift even though employees worked eight (8) or more hours in a workday.

5         119.    Rest periods were not voluntarily waived. Any express or implied waivers obtained

6    from PLAINTIFFS and on information and belief, current and former employees and members of

7    the Class seek to represent, were not willfully obtained, were not voluntarily agreed to, were a

8    condition of employment, or were part of an unlawful contract of adhesion.

9         120.    DEFENDANTS failed to pay additional wages for rest periods that were not

10   provided. PLAINTIFFS and the Class they seek to represent are entitled to premium rest period

11   wages pursuant to California Labor Code § 226.7.

12        121.    Under California Labor Code § 558.1, any natural person who is an owner, director,

13   officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes

14   to be violated any provision regulating minimum wages or hours and days of work in any order of

15   the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§

16   203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

17   Therefore, DEFENDANTS BARTLE are liable for the violations herein alleged.

18        122.    WHEREFORE, PLAINTIFFS and the Class she seeks to represent are entitled to

19   recover the full amount of their unpaid rest period wages and all related penalties and remedies

20

21                                  **EIGHTH CAUSE OF ACTION**

22              KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH CALIFORNIA
                           ITEMIZED WAGE STATEMENT PROVISIONS
23                                    (Cal. Lab. Code § 226)
                            PLAINTIFFS AGAINST ALL DEFENDANTS
24
          123.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.
25
          124.    California Labor Code § 226(a) requires that employees be provided accurate
26
     itemized wage statements containing gross and net wages earned, total hours worked and applicable
27
     wage rates, among other statutory requirements.
28

COMPLAINT– DEMAND FOR JURY TRIAL                          *Case No.:*

125.     PLAINTIFFS and, on information and belief, other current or former employees were not provided "accurate itemized statements" within the meaning of California Labor Code § 226, because of the violations described in this complaint. For example, the wage statements provided by DEFENDANTS. falsely understated the wages earned due to the failure to pay at the correct rates of pay and the failure to pay for all hours worked and for rest and meal period premiums; falsely understated the total hours worked due to the failure of DEFENDANTS to maintain accurate time records; and falsely stated the applicable hourly rates, due to the failure to compensate at the applicable rates and to track all hours worked.

126.     California Labor Code § 226(e) and (g) provide that employees may recover fifty dollars ($50) for an initial violation and one hundred dollars ($100) thereafter up to four thousand dollars ($4,000), and costs and reasonable attorney's fees for violating the obligation to provide a proper, itemized wage statement. Additionally, an employee may seek injunctive relief to ensure compliance with this requirement under the UCL.

127.     DEFENDANTS failed to comply with California Labor Code § 226 because of the wage violations and timekeeping violations described above. These violations apply to PLAINTIFFS and, on information and belief, other current or former employees. By failing to comply with the California Labor Code § 226, DEFENDANTS have injured PLAINTIFFS within the meaning of the statute, entitling PLAINTIFFS to relief. DEFENDANTS also failed to maintain records of correct overtime rates, correct hours worked, and correct wages earned.

128.     WHEREFORE, PLAINTIFFS seeks relief against DEFENDANTS as described herein and below, including penalties in an amount to be determined at trial, injunctive relief, cost of suit and attorney's fees.


### NINTH CAUSE OF ACTION
FAILURE TO PAY ALL CALIFORNIA WAGES OWED UPON TERMINATION OR RESIGNATION
(Cal. Lab. Code §§ 201, 202 & 203)
PLAINTIFFS AGAINST ALL DEFENDANTS

129.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

- 26 -

130.    California Labor Code §§ 201 and 202 provide for immediate payment of all wages owed at termination of employment.

131.    DEFENDANTS required PLAINTIFFS and the Class they seek to represent to work without compensating them for all wages as described in this complaint and failed to pay these wages at the termination of these employees.  Consequently, DEFENDANT have violated California Labor Code §§ 201 and/or 202.

132.    California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

133.    DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, PLAINTIFFS and the Class are entitled to 30 days' wages. "30 days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

134.    In calculating 30 days wages pursuant to California Labor Code § 203, PLAINTIFFS and the Class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, compensation for work done at hourly rates below the minimum and overtime wages, and other compensation due but not received.

135.    On information and belief, more than 30 working days have passed since several members of the Class have has left DEFENDANTS' employ, and despite this, they have not received payment pursuant to California Labor Code § 203.   Because of the willful conduct of DEFENDANTS in not paying all earned wages, the Class is entitled to 30 days' wages as a penalty

1    under California Labor Code § 203 for failure to pay legal wages.

2        136.    Under California Labor Code § 558.1, any natural person who is an owner, director,

3    officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes

4    to be violated any provision regulating minimum wages or hours and days of work in any order of

5    the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§

6    203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

7    Therefore, DEFENDANTS BARTLE are liable for the violations herein alleged.

8        137.    Wherefore, PLAINTIFFS and the Class seek the relief as described herein and below.

9

10                                   **TENTH CAUSE OF ACTION**
                   UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
11                                (California Bus. & Prof. Code§§ 17200 et seq.)
                     PLAINTIFFS AGAINST DEFENDANTS' MB COATINGS, INC, MIKE BARTLE, AND
12                                          AMANDA BARTLE

13        138.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

14        139.    On information and belief, and at all relevant times, PLAINTIFFS alleges that

15    DEFENDANTS, by and through policies and practices, engaged in unlawful activity prohibited by

16    Business and Professions Code §§ 17200, et seq., including the following:

17            a.    failing to compensate Class Members for all hours worked by, for example,

18                  improperly recording or failing to record hours worked, paying according to

19                  schedule instead of actual hours worked, refusing to pay for certain work,

20                  refusing to pay at the applicable rates of pay, and refusing to pay accurate

21                  overtime premium wages, in violation of the state's minimum and overtime wage

22                  laws;

23            b.    failing to provide rest periods and meal periods or compensation in lieu thereof,

24                  in violation of state law;

25            c.    failing to pay at the agreed upon rates and secretly paying below contractual or

26                  statutory rates, in violation of California Labor Code § 223;

27            d.     failing to pay all wages due at the appropriate periodic intervals as required by

28

California Labor Code § 204;

    e.    failing to pay all wages owed timely upon termination of the employment relationship, in violation of state law;

    f.    failing to provide accurate itemized wage statements stating all hours worked, all applicable pay rates, or all gross and net wages earned, in violation of state law; and

    g.    failing to maintain accurate records showing when Class Members began and ended each work period and meal period, or showing total daily hours worked or all wages earned, in violation of state law

140. The actions of DEFENDANTS as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 et seq. PLAINTIFFS has suffered injury in fact and has lost money or property because of such unfair competition.

141. PLAINTIFFS is entitled to an injunction and other equitable relief against DEFENDANTS for such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

142. As a result of the unlawful acts of DEFENDANTS described herein, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the class they seek to represent. DEFENDANT MBC should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to PLAINTIFFS and the Class the wrongfully withheld wages, pursuant to Business and Professions Code § 17203, as well as to enforce penalty provisions pursuant to § 17202.

143. PLAINTIFFS are informed and believes, and thereon alleges, that DEFENDANT have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. PLAINTIFFS are and has been prejudiced by the unfair trade practices of DEFENDANTS.

144. As a direct and proximate result of the unfair business practices of DEFENDANTS, PLAINTIFFS and the Class are entitled to equitable and injunctive relief from DEFENDANTS

COMPLAINT– DEMAND FOR JURY TRIAL         *Case No.:*

including full restitution and/or disgorgement of all wages which have been unlawfully withheld from them, and enjoinment of DEFENDANTS to cease and desist from engaging in the practices described herein.

145.    As a direct and proximate result of the unfair business practices of DEFENDANTS. PLAINTIFFS are entitled, in accordance with Business and Professions Code § 17202, to enforcement of penalties resulting from the business acts and practices described herein and entitled to enjoinment of DEFENDANTS to cease and desist from engaging in the practices described herein.

146.    On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication that DEFENDANTS will cease such activity. PLAINTIFFS alleges that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, DEFENDANTS will continue the practice of failing to properly compensate employees for all wages owed; provide accurate wage statements; maintain required records; or pay all wages owed upon discharge.

147.    Wherefore, PLAINTIFFS requests relief against DEFENDANTS as described herein and below and as deemed just and proper by this Court.

## VI. **PRAYER**

Wherefore, PLAINTIFFS pray for judgment as follows:

a)  That the Court determine that this action may be maintained as a class and collective with the named PLAINTIFFS appointed as class representatives;

b)  For the attorneys appearing on the above caption to be named class counsel;

c)  For compensatory damages in an amount according to proof with interest thereon;

d)  For declaratory judgment that each of the DEFENDANTS violated the PLAINTIFFS' and the Class Members' rights under FLSA, California Labor and Business and Professions Codes as set forth in the preceding paragraphs;

e)  For all remedies as provided by the above statutes and related provisions;

f)  For wages pursuant to the remedy provisions of the above stated California Labor Code provisions,

g)  For penalties and interest as provided by the California Labor Code.

COMPLAINT– DEMAND FOR JURY TRIAL                    *Case No.:*

h)  For such other and further relief as the Court deems just and proper pursuant to the procedures detailed in Labor Code §§ 2698 et seq.

i)  For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

j)  For attorney's fees and costs pursuant to the California Labor Code, third party contracts and/or local wage ordinances;

k)  For damages and liquidated damages;

l)  For any other remedies provided by third party contracts and/or local wage ordinances;

m) For an award of post-judgment interest as authorized under the law;

n)  For restitution to PLAINTIFFS and the Class in amounts to be proven at trial, for the violation of Business and Professions Code section 17200, et. seq.;

o)  For an award of a preliminary and permanent injunction ordering DEFENDANT to cease the unlawful and unfair business practices as herein alleged;

p)  For an award of injunctive relief ordering DEFENDANT to comply with Labor Code § 226(e), plus attorney's fees and costs.

q)  For a permanent injunction enjoining DEFENDANTS, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against employees for participating in a protected activity;

r)  For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand trial of their claims by jury to the extent authorized by law.

Dated: August 1, 2022

**MALLISON & MARTINEZ**

By:  /s/Hector R. Martinez
Stan S. Mallison
Hector R. Martinez
Gonzalo Quezada Jr.
Attorneys for Plaintiff