**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MARTIN ESTRADA and OMAR ESTRADA, individually and acting in the interest of other current and former employees,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MB COATINGS, INC., a California Corporation, HOWARD BUILDING CORPORATION, a California Corporation, DEB CONSTRUCTION, LLC, a California Limited Liability Company, FAR WEST CONTRACTORS CORP., a California Corporation, CLUNE CONSTRUCTION, MIKE BARTLE, an Individual, AMANDA BARTLE, an Individual and DOES 1 through 20,<br><br>　　　　　　Defendants. | Case No.: 8:22-cv-01427-JDE<br><br>CLASS ACTION<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**<br><br>Date: August 7, 2025<br>Time: 10:00 a.m.<br>Department: Courtroom 6A<br><br>Complaint Filed: August 1, 2022<br>FAC Filed: October 27, 2022<br><br>Before Honorable Judge John D. Early |

The Court, having read and considered the papers Plaintiffs' Motion for Final Approval of Class Settlement (Dkt. 84), the supporting Memorandum of Points and Authorities (Dkt. 84-1), the supporting Declarations and Exhibits (Dkt. 84-2 to 84-10; Dkt. 85, 85-1), and the arguments of counsel at the hearing, and good cause shown and the reasons stated at the hearing, the Court FINDS and ORDERS as follows.

1. This Order hereby incorporates the definitions in the Settlement Agreement and Release ("Settlement") and the Court's Order of August 23, 2024 (Dkt. 77, "Preliminary Approval Order") that preliminarily and conditionally approved the Settlement and certified this matter as a Federal Labor Standards Act ("FLSA") Collective and as a Fed. R. Civ. P. ("Rule") 23(a) Class Action, each as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement. The Court reiterates its findings in the Preliminary Approval Order and certifies this action as an FLSA Collective and as a Class Action under Rule 23(a), with the following additional findings under Rule 23(e), (h).

2. On April 4, 2025, Phoenix Settlement Administrators ("Phoenix") received a data file from Defense Counsel that contained names, last known mailing addresses, Social Security numbers, and workweeks for each California Class and FLSA Collective Member ("Class Information") during the Class Period and FLSA Collective Period. The final mailing list contained six hundred eighty-two (682) individuals identified as California Class Members and five hundred fifty-nine (559) individuals identified as FLSA Collective Members.

3. On April 10, 2025, Phoenix mailed the Class Notice Packet via U.S. first class mail, in English, to all six hundred eighty-two (682) individuals identified as California Class Members and five hundred fifty-nine (559) individuals identified as FLSA Collective Members on the Class Information.

4. No Class Notice Packets were returned to Phoenix, and no Class Notice Packets are considered undeliverable. Phoenix received fifty-four (54) FLSA Opt-ins from FLSA Collective Members, who are therefore deemed Opt-in Plaintiffs. The deadline to submit an Opt-in to the FLSA Collective was July 9, 2025.

5. Phoenix received one Request for Exclusion. The deadline to request exclusion from the class settlement was May 26, 2025. Phoenix received zero

Notices of Objection from Class Members. The deadline for objecting to the Class Settlement was May 26, 2025. Phoenix received zero (0) Workweek disputes from Class Members. The deadline for submitting a dispute was May 12, 2025.

6. Accordingly, there are six hundred and eighty-one (681) Class Members who did not submit timely and valid Requests for Exclusion and are therefore deemed Settlement Class Members, representing 99.85% of the Class. Settlement Class Members have worked a collective total of forty-six thousand two hundred and fifty-six (46,256) workweeks during the Class Period. Each workweek is valued at approximately $13.21.

7. The Escalator Provision of the Settlement Agreement indicates that, if the total number of Class Members during the Class Period exceeds six hundred fifty (650), then the Gross Settlement Amount shall increase pro-rata per additional Class Member over six hundred fifty (650). The total number of Class Members was six hundred eighty-two (682), representing a 4.92% increase. Accordingly, the Gross Settlement Amount increased by 4.92%, or $56,580.00. Accounting for this increase, the Gross Settlement Amount is $1,206,580.00 ($1,150,000.00 + $56,580.00).

8. The Net Settlement Amount of $610,924.68 available to pay Settlement Class Members was determined by subtracting the requested Class Counsel attorneys' fees ($398,171.40), and Class Counsel costs ($50,000.00), estimated Class Representative Payments to Plaintiffs Omar Estrada and Martin Estrada for $10,000.00 each (totaling $20,000.00), FLSA Settlement Amount to Opt-in Plaintiffs ($114,983.92) and the requested Settlement Administration Costs ($12,500.00) from the Gross Settlement Amount ($1,206,580.00).

9. Based upon the calculations stipulated in the Settlement, the highest Individual California Settlement Payment to be paid is approximately $3,764.15, the lowest Individual California Settlement Payment to be paid is approximately $13.21, while the average Individual California Settlement Payment to be paid is

approximately $897.10. Settlement Class Members will be issued payment of their Individual California Settlement Payments subject to reduction for the employee's share of taxes and withholdings with respect to the wages portion of the Individual California Settlement Payment.

10. Based upon the calculations stipulated in the Settlement, and as of this date, the highest Individual FLSA Settlement Payment to be paid is approximately $6,166.91, the lowest Individual FLSA Settlement Payment to be paid is approximately $26.35, while the average Individual FLSA Settlement Payment to be paid is approximately $2,129.33. FLSA Collective Members will be issued payment of their Individual FLSA Settlement Payments subject to reduction for the employee's share of taxes and withholdings with respect to the wages portion of the Individual FLSA Settlement Payment.

11. Phoenix's costs associated with administration of this matter are $12,500.

12. In light of the foregoing, the Parties' Settlement is granted final approval as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

13. The Court hereby finally approves the Settlement upon the terms, conditions, and all release language set forth in the Settlement attached to the Declaration of Stan Mallison as **Exhibit 1**. The Court finds that the Settlement (including the requirements, the monetary provisions, the method of calculating claim amounts, the release of claims, the proposed award of attorneys' fees and costs, and the agreement regarding administration costs) appears to be fundamentally fair and adequate and falls within the "range of reasonableness" necessary for final approval by the Court. The Court has considered, among other factors, (1) the strength of Plaintiffs' case; (2) the risk, expense, complexity, and

likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the experience and views of counsel; (7) the reaction of the class members to the proposed settlement; ;and (8) the absence of any evidence that the settlement is the result of collusion between the parties. The finding of reasonableness is even more apparent now than it was at the time of the Preliminary Approval Order based on the high level of participation by Class Members. It appears to the Court that the Settlement terms are fair, adequate, and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation, given the risks relating to liability and damages. It further appears that extensive and costly investigation and research has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that the Settlement at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the Action. It appears that the Settlement has been reached as a result of intensive, arm's-length negotiations including a mediation before a skilled and reputable neutral.

14. The Court hereby finally and unconditionally approves the Settlement and specifically approves the Gross Settlement Amount of $1,206,580.00

15. Phoenix Class Action Administration Solutions is awarded $12,500 for its services as the Settlement Administrator and shall carry out its remaining obligations under the Settlement.

16. Plaintiffs and Class Representatives Martin Estrada and Omar Estrada are each awarded $10,000.00 pursuant to the terms of the Settlement and for their services as Class and Collective Representatives, the Court having considered their time and efforts and the risks faced in acting as Class and Collective Representatives and applicable authorities, as more fully stated on the record.

17. Class Counsel, is awarded one-third (1/3) of the Settlement Amount, amounting to $398,171.40, for attorneys' fees and $13,475.21 in costs for their work incurred in prosecuting this case. The Court has considered the information submitted by Class Counsel, including the hours worked and rates associated with such work, and finds the hours worked were reasonably incurred and the rates associated are reasonable for the market for the respective experience of each attorney. The loadstar calculation, with a small, reasonable enhancement based on the results obtained and the risks involved in proceeding on a contingent basis, reflects that fee award is reasonable here. Each party shall bear their own costs and attorneys' fees beyond those provided by the Settlement.

18. Plaintiffs and Class Representatives Martin Estrada and Omara Estrada are deemed to have released all claims against Defendants as detailed in the Settlement Agreement and Release.

19. Within seven (7) business days after final disbursement of all amounts from the Gross Settlement Fund, the Settlement Administrator will serve on the Parties and file with the Court a declaration providing a final report on the disbursements of all funds.

20. The Court finds that Legal Aid at Work is a 501(c)(3) non-profit organization which assists indigent workers with employment law claims. To the extent there remain any unclaimed settlement funds remaining from uncashed settlement checks, the Court approves Legal Aid at Work as an appropriate *cy pres* beneficiary and directs payment of such funds thereto. No settlement funds shall revert to Defendants.

21. Based on this Final Approval Order, this Court will enter a final judgment as to Defendants in this action, binding each Participating Class Member and operating as a full release and discharge of Settled Claims.

22. The Court retains jurisdiction to consider all further issues arising out of or in connection with the Settlement.

23. The Parties are hereby ordered to implement and comply with the terms of the Settlement. Notice of entry of this Order and the ensuing final judgment shall be given to Mallison & Martinez on behalf of Plaintiffs and all Participating Class Members. It shall not be necessary to send notice of entry of this Order or the ensuing final judgment to Class Members.

**IT IS SO ORDERED**

Dated: August 7, 2025

JOHN D. EARLY
United States Magistrate Judge